IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MONICA CASTRO, et al § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. |
| § | | C-06-061 |
| § | | |
| THE UNITED STATES OF AMERICA § | | |
| Defendant § | | |
| § | | |

**<u>PARTIAL MOTION TO DISMISS</u>**

The Court should dismiss this action pursuant to Fed. R. Civ. P. 12 (b) (1) and (6).

1. Plaintiff has brought suit against the United States of America alleging violations of the Fourth Amendment due process, Fifth Amendment due process, and Tenth Amendment.

2. Plaintiffs allege that inspectors or other personnel acting in their official capacity under the authority of the U.S. Department of Homeland Security and U.S. Customs and Border Protection detained and deported a U.S. citizen without due process, violating R.M.G's constitutional interest in remaining free from bodily seizure. Complaint ¶ 26 & 27. Plaintiffs allege that these actions caused R.M.G. harm, mental anguish, loss of companionship, physical and psychological damages, and plaintiff seeks monetary and injunctive relief.

3. Plaintiff alleges that inspectors or other personnel acting in their official capacity under the authority of the U.S. Department of Homeland Security and U.S. Customs and Border Protection deprived plaintiff of life and liberty by severing the parent-child relationship, in violation of the Fifth Amendment. Complaint ¶ 32-35.  Plaintiffs allege that these actions caused plaintiffs Castro and R.M.G. harm, mental anguish, loss of companionship, physical and psychological damages and plaintiff seeks monetary and injunctive relief.

4.   Plaintiff alleges that inspectors or other personnel acting in their official capacity under the authority of the U.S. Department of Homeland Security and U.S. Customs and Border Protection violated the Tenth amendment by making a custody determination and depriving plaintiffs from bringing the matter of custody to a state court. Complaint ¶ 40-43. Plaintiffs allege that these actions caused plaintiffs Castro and R.M.G. harm, mental anguish, loss of companionship, physical and psychological damages, and plaintiff seeks monetary and injunctive relief.

## ARGUMENT

5.   Under the doctrine of sovereign immunity, the United States may not be sued without its consent and the existence of consent is a prerequisite for jurisdiction. *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983).   While Congress may waive the shield of sovereign immunity, such a waiver must be unequivocal, and will not otherwise be implied by the courts.   *E.g. United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969).   Absent an express waiver, federal courts have no jurisdiction to consider monetary claims against the United States.   *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976), *ovrl'd in part on other grounds, United States v. Mitchell, supra,* 463 U.S. at 216, 103 S.Ct. at 2967.   Even where the Government consents to be sued, the relevant statutory consent and regulations promulgated thereunder must be strictly construed. *Keene Corp. v. United States,* 700 F.2d 836, 841 (2d Cir.), *cert. denied,* 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983). The United States has not waived sovereign immunity for money damages for constitutional torts.   *Keene Corp. v. United States, supra,* 700 F.2d at 845 n. 13; *Contemporary Mission, Inc. v. United States Postal Service,* 648 F.2d 97, 105 n. 9 (2d Cir.1981);

*see United States v. Mitchell,* 463 U.S. 206, 212 (1983);  *Williamson v. United States Dep't. Of Agriculture*, 815 F.2d 368, 373 (5th Cir. 1987); *Garcia v. United States,* 666 F.2d 960, 966 (5th Cir.1982), *cert. denied,* 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 72 (*1982); Swift v. United States Border Patrol,* 578 F. Supp. 35, 37 (S.D. Tx. 1983).  A *Bivens* action may not be maintained against a federal agency or the United States.  *FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994); *see also Whitley v. Hunt*, 158 F.3d 882, 885 (5th Cir. 1998). Plaintiff's constitutional tort claims against the defendant must be dismissed for want of jurisdiction.

    For the foregoing reasons, the defendant respectfully requests that the Court dismiss the constitutional tort claims against the defendant for want of jurisdiction this action.

Respectfully submitted,

DONALD J. DeGABRIELLE, JR.
United States Attorney


BY: s/ John A. Smith III
John A. Smith III
Assistant United States Attorney
State Bar No. 18627450
Federal ID No. 8638
One Shoreline Plaza
800 North Shoreline Blvd.
Suite 500
Corpus Christi, Texas 78401
Tel:(361) 888-3111
Fax:(361) 888-3234

Attorney in Charge for Defendant

CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document was served to counsel at the following address by first class mail on the 3rd day of May, 2006:

Susan L. Watson
316 S. Closner
Edinburg, Texas 78539

                                      S/ John A. Smith III
                                      John A. Smith III
                                      Assistant United States Attorney