## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

**MAY 1 9 2006**

Michael N. Milby, Clerk

| | | |
|---|---|---|
| MONICA CASTRO, *For Herself* | § | |
| *and as Next Friend of* R.M.G., | § | |
| a minor child | § | |
| *Plaintiffs*, | § | **C.A. No. 2:06-CV-00061** |
| | § | |
| v. | § | |
| | § | |
| THE UNITED STATES OF AMERICA, | § | |
| *Defendants*. | § | |

### PLAINTIFFS' FIRST AMENDED COMPLAINT

1.      Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs Monica Castro and R.M.G. file this First Amended Complaint.

2.      This is a civil action for monetary damages and injunctive and declaratory relief brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, 8 U.S.C. § 1101 *et seq.*, the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, and the Fourth and Fifth Amendments to the Constitution of the United States.  Plaintiff Monica Castro, for herself and as Next Friend of R.M.G., seeks injunctive relief under the U.S. Constitution in the form of assistance from Defendant United States in locating and returning Plaintiff R.M.G., who was wrongfully deported, to the physical custody of Plaintiff Castro; declaratory relief; and damages arising from acts or omissions of the United States of America.

### Jurisdiction and Venue

3.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question), the Administrative Procedure Act, 5 U.S.C. §701 *et seq.*, and the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

1

4.      Venue is proper in the United States District Court for the Southern District of Texas because Plaintiff resides in this judicial district and no real property is involved in the action.  28 U.S.C. § 1402(b).

### Exhaustion of Administrative Remedies

5.      Plaintiffs presented timely administrative claims with the Department of Homeland Security ("DHS"), Customs and Border Protection ("CBP"), pursuant to 28 U.S.C. § 2675(a).  Plaintiffs' administrative claims were received by the United States on June 1, 2005.

6.      The United States has neither approved nor denied the claims, and more than six months has elapsed since the United States' receipt of the claims.  Plaintiffs' suit is timely filed pursuant to 28 U.S.C. § 2675(a).

### Parties

7.      Plaintiff Monica Castro is a U.S. citizen currently residing in Corpus Christi, Nueces County, Texas.  At the time of the incidents giving rise to this suit, she was a resident of Shallowater, Lubbock County, Texas.

8.      Plaintiff Castro appears in this lawsuit as both a plaintiff in her individual capacity and as Next Friend for her daughter, R.M.G., a minor child.  At the time of the incidents giving rise to this suit, Plaintiff R.M.G. was a resident of Shallowater, Lubbock County, Texas.  Her current residence is unknown.

9.      Plaintiff Castro has the authority to act as Next Friend for Plaintiff R.M.G. pursuant to Rule 17(c) of the Federal Rules of Civil Procedure.

10.    Defendant United States of America is a sovereign nation and exists under the Constitution of the United States of America and the laws enacted by the United States Congress. Customs and Border Protection (CBP) and Immigration and Customs Enforcement (ICE) are, and at all times relevant to this lawsuit were, agencies of the Department of Homeland Security, organized and existing under the laws of the United States.

### Statement of Facts

11.    Plaintiff R.M.G. is a three-year-old U.S. citizen. She is the daughter of Plaintiff Monica Castro, a U.S. citizen, and of Omar Gallardo, a citizen of Mexico. R.M.G. was born in Lubbock County, Texas on December 4, 2002, and was days short of her first birthday at the time the events giving rise to this action occurred.

12.    On December 1, 2003, Plaintiff Monica Castro went in person to the U.S. Border Patrol station in Lubbock, Texas and informed U.S. Border Patrol Officer Manuel Sanchez that her common-law husband, Omar Gallardo, had taken their child, R.M.G.

13.    Plaintiff Castro informed Officer Sanchez that Omar Gallardo was present in the United States illegally and asked if U.S. Customs and Border Inspection would deliver R.M.G., a U.S. citizen, to her if Omar Gallardo were apprehended.

14.    At that time, Officer Sanchez presented Plaintiff Castro with copies of documents bearing Omar Gallardo's photograph that indicated he was wanted in connection with a homicide in Amarillo, Texas. Officer Sanchez asked Plaintiff Castro if she had any information regarding Mr. Gallardo's involvement in said homicide. Plaintiff Castro responded that she did not know Mr. Gallardo when he lived in Amarillo, had no knowledge or information about the homicide, and was there only to seek assistance in recovering her child.

3

15.     Officer Sanchez informed Plaintiff Castro that Mr. Gallardo would have the right to take the child to the Border Patrol station with him if he were apprehended, but that Officer Sanchez would not allow Mr. Gallardo to take the child to Mexico if he were deported because Officer Sanchez knew of the child's U.S. citizenship status.

16.     Relying on the representations made by Officer Sanchez, Plaintiff Castro informed Officer Sanchez where DHS could locate Mr. Gallardo.

17.     Plaintiff Castro contacted Officer Sanchez the following day, December 2, 2003, to enquire as to whether Mr. Gallardo had been detained and whether the United States had possession of her daughter.  Officer Sanchez informed Plaintiff Castro that DHS would not detain Mr. Gallardo that day.

18.     At approximately 7:30 a.m. on the morning of December 3, 2003, Plaintiff Castro observed DHS agents apprehending several people at her former residence, including Mr. Gallardo and Plaintiff R.M.G.  When, later that same morning, Plaintiff Castro contacted Officer Sanchez to tell him she was coming to the Lubbock station to pick up her infant daughter, Officer Sanchez replied that he would not release the child and that Plaintiff R.M.G. would be deported to Mexico with her father.

19.     Plaintiff Castro, along with her mother, Cendy Castro, then went in person to the Lubbock Border Patrol station and asked to speak with Officer Sanchez.

20.     Plaintiff Castro again asked to have her infant daughter delivered to her, but was told repeatedly by Officer Sanchez that he would not deliver her child to her because Omar Gallardo said he did not want Officer Sanchez to do so.

4

21.     During that time, two detectives, who Plaintiff Castro believes were from Amarillo, Texas, approached her. The detectives asked Plaintiff Castro questions regarding the Amarillo homicide with which Omar Gallardo was allegedly involved.

22.     After informing them that she knew nothing of Mr. Gallardo's activities in Amarillo, she asked the detectives for assistance in obtaining possession of her daughter. The detectives replied that they had nothing to do with deportation proceedings, and could not assist her.

23.     Plaintiff Castro could hear her infant daughter crying and pleaded with Border Patrol officials to let her see her baby, but was not allowed to do so. Other Border Patrol officials, including Officer Sanchez's supervisor, were present but provided no assistance. Plaintiff does not have sufficient information to determine whether all DHS employees present were employees of CBP, ICE, or both.

24.     Plaintiff Castro asked when her child would be deported, to which Border Patrol officials told her that Plaintiff R.M.G. would be boarded on a bus to Mexico by 3:15 p.m. that same day.

25.     Plaintiff Castro then left the Border Patrol station to work with an attorney to obtain emergency custody orders. When they arrived at the courthouse, the judge was not there. Her attorney called the Border Patrol station to enquire as to the status of the U.S. citizen child, and was informed that she had already been deported, less than 12 hours after being taken into custody by the Border Patrol.

26.     Plaintiff Castro has not seen or heard of her infant daughter since December 3, 2003. The only information she has as to her daughter's whereabouts is that Plaintiff R.M.G. was deported to Ciudad Juarez, Chihuahua, Mexico.

27.     On May 12, 2005, the 28th District Court of Nueces County, Texas, issued a Final Decree of Divorce in the *Matter of the Marriage of Monica Castro v. Omar Gallardo*. Pursuant to that decree, Plaintiff Castro is named Sole Managing Conservator of the child, R.M.G., and Omar Gallardo has no right of access or possession to the child.

### First Cause of Action:
### Violation of Fourth Amendment

28.     Plaintiffs repeat and re-allege each allegation contained in paragraphs 1 through 27 of this complaint.

29.     The Fourth Amendment protects against unreasonable search and seizure. Defendant United States' detention of Plaintiff R.M.G. without due process violated her Fourth Amendment constitutional interest in remaining free from bodily seizure.

30.     Detention of Plaintiff R.M.G. was not due to an act of wrongdoing that warranted detention, nor was detention based on an emergency. The United States did not and cannot show that seizure of the minor child was necessary to protect Plaintiff R.M.G.'s health, safety and welfare; indeed, Defendant United States placed R.M.G. in imminent danger by deporting her with a man it knew was wanted in connection with a homicide.

31.     Defendant United States intentionally, maliciously, and recklessly violated R.M.G.'s right to be free from unreasonable seizure guaranteed by the Fourth Amendment of the U.S. Constitution.

32.     Defendant United States has waived immunity to suit for injunctive relief under the U.S. Constitution. 5 U.S.C. § 702.

33.     The actions or omissions of Defendant United States caused Plaintiffs to suffer ongoing harm for which Plaintiffs seek injunctive relief, in the form of assistance from

6

Defendant United States in locating and returning R.M.G. to the physical custody of Plaintiff Castro.

## Second Cause of Action:
## Violation of Fifth Amendment Procedural Due Process

34.      Plaintiffs repeat and re-allege each allegation contained in paragraphs 1 through 27 of this complaint.

35.      The Fifth Amendment to the U.S. Constitution protects citizens from deprivation of life, liberty or property without due process of law.

36.      On December 3, 2003, Plaintiff Castro made a claim of citizenship to Defendant United States on behalf of her minor child, Plaintiff R.M.G. Despite that claim, and despite Defendant's recognition of Plaintiff RM.G.'s status as a U.S. citizen, Defendant United States intentionally, maliciously, and recklessly violated Plaintiffs' right to procedural due process guaranteed by the Fifth Amendment.

37.      Defendant United States has waived immunity to suit for injunctive relief under the U.S. Constitution.  5 U.S.C. § 702.

38.      The actions or omissions of Defendant United States caused Plaintiffs to suffer ongoing harm for which Plaintiffs seek injunctive relief in the form of assistance from Defendant United States in locating and returning Plaintiff R.M.G. to the physical custody of Plaintiff Castro.

## Third Cause of Action:
## Violation of Fifth Amendment Substantive Due Process

39.      Plaintiffs repeat and re-allege each allegation contained in paragraphs 1 through 27 of this complaint.

7

40.     The Fifth Amendment to the U.S. Constitution protects citizens from deprivation of life, liberty or property without due process of law.

41.     By wrongfully and unlawfully deporting Plaintiff R.M.G., Defendant United States intentionally, maliciously, and recklessly violated Plaintiffs' fundamental substantive due process right to family integrity and protection against unreasonable government intrusion into family relationships.

42.     Defendant United States has waived immunity to suit for injunctive relief under the U.S. Constitution.  5 U.S.C. § 702.

43.     The actions or omissions of Defendant United States caused Plaintiffs to suffer ongoing harm for which Plaintiffs seek injunctive relief, in the form of assistance from Defendant United States in locating and returning R.M.G. to the physical custody of Plaintiff Castro.

### Fourth Cause of Action:
### Statutory Violation of 8 U.S.C. § 1101, *et seq.*

44.     Plaintiffs repeat and re-allege each allegation contained in paragraphs 1 through 27 of this complaint.

45.     Title 8 of the U.S. Code sets forth the laws governing immigration and nationality.

46.     No section of Title 8 provides authority for the United States to detain or remove a U.S. citizen.

47.     By detaining and removing a U.S. citizen, Defendant United States acted in clear violation of well-settled statutory law.

48.     Defendant United States has waived immunity to suit for declaratory relief for statutory violations.  5 U.S.C. § 702.

8

49.    The actions or omissions of Defendant United States caused Plaintiffs to suffer ongoing harm for which Plaintiffs seek injunctive relief, in the form of assistance from Defendant United States in locating and returning R.M.G. to the physical custody of Plaintiff Castro, and declaratory relief, in the form of determination of the validity of any statute, regulation, policy or other procedure relied on to detain and deport Plaintiff R.M.G.

### Fifth Cause of Action:
### Federal Tort Claims Act – Negligence

54.    Plaintiffs repeat and re-allege each allegation contained in paragraphs 1 through 27 of this complaint.

55.    At all times relevant to this action, inspectors or other personnel were acting in their official capacity under the authority of DHS, CBP or ICE, and therefore, under the authority of Defendant United States.

56.    Defendant United States owed a duty of care to Plaintiffs Castro and R.M.G., breached that duty, and Defendant United States' breach caused damage to Plaintiffs in that:

57.    Defendant's wrongful acts, neglect, carelessness, unskillfulness, or default directly and proximately caused the wrongful deportation of a U.S. citizen minor child, which has separated mother and child since December 3, 2003.

58.    Said actions and inactions of Defendant United States amount to grossly negligent conduct.

59.    Defendant United States is not entitled to any defense, statutory or otherwise, in that the acts or omissions of Defendant United States were not discretionary functions and were not performed in good faith.

60.    As a direct, probable, foreseeable, and proximate result of Defendant United

9

States' negligent and unlawful conduct, Plaintiffs Monica Castro and R.M.G. suffered mental anguish and suffering, loss of companionship, and R.M.G. has suffered unknown physical and psychological harm, for which Plaintiffs seek monetary relief pursuant to the Federal Tort Claims Act. 28 U.S.C. § 2671 *et seq.*

**Sixth Cause of Action**
**Federal Tort Claims Act - Intentional Infliction of Emotional Distress**

61.    Plaintiffs repeat and reallege each allegation contained in paragraphs 1 through 24 of this complaint.

62.    At all times relevant to this action, inspectors or other personnel were acting in their official capacity under the authority of DHS, CBP or ICE, and therefore, under the authority of Defendant United States of America.

63.    The United States engaged in a pattern of extreme and outrageous conduct that caused Plaintiffs Castro and R.M.G. to suffer severe emotional distress, for which Plaintiffs seek relief from Defendant United States of America.

64.    Officer Manuel Sanchez misled Plaintiff Castro regarding the return of her child, Plaintiff R.M.G., for the sole purpose of obtaining information regarding the location of an undocumented person present in the United States.  Following Officer Sanchez's deception, Officer Sanchez and other officials of U.S. Customs and Border Protection engaged in additional outrageous conduct, including denying Plaintiff Castro the ability to see her infant child, even though the child could be heard crying, and deporting a U.S. citizen child less than 12 hours after taking her into custody, effectively foreclosing any ability for Plaintiff Castro to assert her rights as a parent of the minor child.

65.    Defendant United States is not entitled to any defense, statutory or otherwise, in

10

that the acts or omissions of Defendant United States were not discretionary functions and were

not performed in good faith.

66.   Defendant United States' extreme and outrageous conduct caused Plaintiffs

Castro and R.M.G. to suffer mental and emotional anguish and suffering, for which Plaintiffs

seek monetary relief for pursuant to the Federal Tort Claims Act. 28 U.S.C. § 2671 *et seq.*

### Seventh Cause of Action:
### Federal Tort Claims Act – False Imprisonment

67.   Plaintiffs repeat and reallege each allegation contained in paragraphs 1 through 27

of this complaint.

68.   At all times relevant to this action, inspectors or other personnel were acting in

their official capacity under the authority of DHS, CBP or ICE and, therefore, under the authority

of Defendant United States of America.

69.   Defendant United States willfully detained R.M.G. without her consent or the

consent of her U.S. citizen parent, and the detention was without legal authority or justification.

70.   From the moment Defendant United States knew or should have known that

R.M.G. was a U.S. citizen and that a U.S. citizen parent was present to take possession of her and

did not release her, Defendant United States had no legal authority or justification to continue its

detention of the child.

71.   Defendant United States is not entitled to any defense, statutory or otherwise, in

that the acts or omissions of Defendant United States were not discretionary functions and were

not performed in good faith.

72.   The United States' false imprisonment of the child caused Plaintiffs to suffer

mental anguish and suffering, loss of companionship, and Plaintiff R.M.G. to suffer unknown

physical and psychological harm, for which Plaintiffs seek monetary relief pursuant to the Federal Tort Claims Act. 28 U.S.C. § 2671 *et seq.*

## Eighth Cause of Action:
### Federal Tort Claims Act - Abuse of Process

67.     Plaintiffs repeat and reallege each allegation contained in paragraphs 1 through 27 of this complaint.

68.     At all times relevant to this action, inspectors or other personnel were acting in their official capacity under the authority of DHS, CBP or ICE and, therefore, under the authority of Defendant United States of America.

69.     By wrongfully detaining and deporting Plaintiff R.M.G., Defendant United States made an illegal, improper or perverted use of the deportation process established under federal law.

70.     Defendant had an ulterior motive or purpose in exercising such illegal, improper or perverted use of process and used the process to accomplish an end beyond the purview of the purpose.

71.     Defendant United States is not entitled to any defense, statutory or otherwise, in that the acts or omissions of Defendant United States were not discretionary functions and were not performed in good faith.

72.     Defendant United States' abuse of process regarding the detention and deportation of the child caused Plaintiffs to suffer mental anguish and suffering, loss of companionship, and Plaintiff R.M.G. to suffer unknown physical and psychological harm, for which Plaintiffs seek monetary relief pursuant to the Federal Tort Claims Act. 28 U.S.C. § 2671 *et seq.*

## Ninth Cause of Action:
## Federal Tort Claims Act - Assault

73.     Plaintiffs repeat and reallege each allegation contained in paragraphs 1 through 27 of this complaint.

74.     At all times relevant to this action, inspectors or other personnel were acting in their official capacity under the authority of DHS, CBP or ICE and, therefore, under the authority of Defendant United States of America.

75.     Defendant United States' unlawful detention of Plaintiff R.M.G. placed her in fear of imminent bodily harm.

76.     Defendant United States is not entitled to any defense, statutory or otherwise, in that the acts or omissions of Defendant United States were not discretionary functions and were not performed in good faith.

77.     Defendant United States' abuse of process regarding the detention and deportation of the child caused Plaintiffs to suffer mental anguish and suffering, loss of companionship, and Plaintiff R.M.G. to suffer unknown physical and psychological harm, for which Plaintiffs seek monetary relief pursuant to the Federal Tort Claims Act.  28 U.S.C. § 2671 *et seq.*

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Monica Castro for herself and as Next Friend of R.M.G. prays that, upon final trial, this Court provide the following relief:

      a.   Award Plaintiff Monica Castro monetary damages in the amount of Two Million, Five Hundred Thousand dollars ($2,500,000.00) against Defendant United States of America for claims arising under the Federal Torts Claim Act;

      b.   Award Plaintiff R.M.G. monetary damages in the amount of Two Million, Five

13

Hundred Thousand dollars ($2,500,000.00) against Defendant United States of
America for claims arising under the Federal Torts Claim Act;

c.  As injunctive relief, order Defendant United States to immediately take all
    necessary measures to locate Plaintiff R.M.G. until she is found; to communicate
    regularly with Plaintiff Castro regarding the status of Defendants' efforts to locate
    and return Plaintiff R.M.G. to her; to return Plaintiff R.M.G. to her mother,
    Plaintiff Monica Castro; and, to assume all costs related to locating and delivering
    Plaintiff R.M.G. to Plaintiff Castro;

d.  As declaratory relief, declare invalid any statute, regulation, policy or other
    procedure relied on by Defendant United States to detain and deport Plaintiff
    R.M.G.

e.  Award Plaintiffs post-judgment interest, as permitted by law;

f.  Award Plaintiffs costs of court, as permitted by law; and

g.  Award Plaintiffs' any other relief this Court may deem just and proper at law or in
    equity.

Respectfully Submitted,

TEXAS RIOGRANDE LEGAL AID, INC.
316 S. Closner
Edinburg, TX 78539
Tel: (956) 393-6200
Fax: (956) 383-4688

By:  /s/ Susan L. Watson
Susan L. Watson (Attorney in Charge)
Federal Bar No. 567690
Texas Bar No. 24028115

14

/s/ Celestino Gallegos by permission
/s/ Susan L. Watson
Celestino Gallegos
Federal Bar No. 565173
Texas Bar No. 24040942


/s/  Javier N. Maldonado by permission
/s/ Susan L. Watson
Federal Bar No. 20113
Texas Bar No. 00794216
Law Office of Javier N. Maldonado
601 Howard
San Antonio, TX  78212
Tel. (210) 277-1603
Fax (210) 225-3958

ATTORNEYS FOR PLAINTIFFS