IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MONICA CASTRO, et al § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. |
| § | | C-06-061 |
| § | | |
| THE UNITED STATES OF AMERICA § | | |
| Defendant § | | |
| § | | |

DEFENDANT'S FIRST AMENDED ANSWER

The United States of America, defendant, respectfully presents this answer to the amended complaint filed by Monica Castro, et al.

*First Defense*

The Court lacks jurisdiction to hear the plaintiffs' claims to the extent that they do not satisfy the "law of the place" requirement, 28 U.S.C. § 1346(b)(1), or fall within the discretionary function exception. 28 U.S.C. § 2680(a).

*Second Defense*

As a separate and complete defense hereto, and waiving none of the above, the Defendants affirmatively allege that Plaintiffs' amended complaint fails to state a claim upon which relief can be granted.

*Third Defense*

The defendant asserts the defenses of proportionate responsibility as set forth in Tex. Civ. Prac. & Rem. Code §§ 33.001 *et seq,* and contribution as set forth in Tex. Civ. Prac. & Rem. Code §§ 33.011 *et seq* .

*Fourth Defense*

The plaintiffs' recovery, if any, is limited to the amount stated in their administrative claims. 28 U.S.C. § 2675(b).

*Fifth Defense*

As a separate and complete defense hereto, and waiving none of the above, Defendant alleges the injuries, if any, suffered by the Plaintiffs were not caused by carelessness or negligence on the part of the defendant, its agents, servants, or employees, but was caused in whole or in part, or was contributed to, by the negligence, carelessness, fault, disregard or want of care of the Plaintiff Monica Castro.

*Sixth Defense*

The right of action set forth in the Complaint is excluded from the coverage of the Federal Tort Claims Act by reason of the provisions of 28 U.S.C. §§2680 (a), and therefore this Court lacks jurisdiction over the subject matter of this action for the reason that the United States of America has not consented to be sued or waived its immunity from suit on the claim alleged in the complaint.

*Seventh Defense*

The right of action set forth in the Complaint is excluded from the coverage of the Administrative Procedures Act, and therefore this Court lacks jurisdiction over the subject matter of this action for the reason that the United States of America has not consented to be sued or waived its immunity from suit on the claim alleged in the complaint.

*Eighth Defense*

Pursuant to Tex. Fam. Code Ann. § 151.001 (a), a parent of a child has the right and duty to have physical possession, to direct the moral and religious training, and to designate the

residence of the child.

### *Ninth Defense*

The United States of America has not consented to be sued or waived its immunity from suit on the claim seeking injunctive relief alleged in the complaint.

### *Tenth Defense*

1. No answer is necessary for paragraph number 1 of Plaintiffs' Amended Complaint.

2. Defendant denies the allegations of paragraph 2 of Plaintiffs' Amended Complaint.

3. Defendant denies the allegations of paragraph 3 of Plaintiffs' Amended Complaint.

4. Defendant admits the allegations of paragraph 4 of Plaintiffs' Amended Complaint.

5. Defendant admits the allegation that the plaintiffs timely filed an administrative claim under the Federal Tort Claims Act. Defendant denies the remaining averments of paragraph 5 of Plaintiffs' Amended Complaint.

6. Defendant admits that the defendant neither approved nor denied the plaintiffs' administrative claim under the Federal Tort Claims Act within six months. Defendant denies the remaining averments of paragraph 6 of Plaintiffs' Amended Complaint.

7. Defendant is without sufficient information to admit or deny the allegations in paragraph 7 of Plaintiffs' Complaint, therefore, same are denied.

8. Defendant is without sufficient information to admit or deny the allegations in paragraph 8 of Plaintiffs' Complaint, therefore, same are denied.

9. Defendant is without sufficient information to admit or deny the allegations in paragraph 9 of Plaintiffs' Complaint, therefore, same are denied.

10. Defendant admits the allegations of paragraph 10 of Plaintiffs' Amended Complaint.

11. Defendant admits the allegations of paragraph 11 of Plaintiffs' Amended Complaint.

12. Defendant admits that Monica Castro went to the Lubbock Border Patrol office on December 1, 2003, and reported that her husband was present in the United States illegally. Defendant denies the remaining allegations of paragraph 12 of Plaintiffs' Amended Complaint.

13. Defendant admits that Monica Castro went to the Lubbock Border Patrol office on December 1, 2003, and reported that her husband was present in the United States illegally. Defendant denies the remaining allegations of paragraph 13 of Plaintiffs' Amended Complaint.

14. Defendant admits that Monica Castro was shown a picture of Omar Gallardo. Defendant denies the remaining allegations of paragraph 14 of Plaintiffs' Amended Complaint.

15. Defendant denies the allegations of paragraph 15 of Plaintiffs' Amended Complaint.

16. Defendant admits that Monica Castro advised of the location of Omar Gallardo. Defendant denies the remaining allegations of paragraph 16 of Plaintiffs' Amended Complaint.

17. Defendant denies the allegations of paragraph 17 of Plaintiffs' Amended Complaint.

18. Defendant admits that Omar Gallardo was detained on December 3, 2003, and that Omar Gallardo was accompanied by his daughter. Defendant denies the remaining allegations of paragraph 18 of Plaintiffs' Amended Complaint.

19. Defendant admits the allegations of paragraph 19 of Plaintiffs' Amended Complaint.

20. Defendant admits that Omar Gallardo did not want to see his wife nor to release his daughter to his wife. Defendant denies the remaining allegations of paragraph 20 of Plaintiffs' Amended Complaint.

21. Defendant admits that two detectives from the Amarillo Police Department traveled to Lubbock and interviewed the five illegal aliens. Defendant further admits that the Amarillo

detectives found no reason to detain the aliens.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 21 of Plaintiffs' Complaint, therefore, same are denied.

22.	Defendant is without sufficient information to admit or deny the allegations in paragraph 22 of Plaintiffs' Complaint, therefore, same are denied.

23.	Defendant denies the allegations of paragraph 23 of Plaintiffs' Amended Complaint.

24.	Defendant denies the allegations of paragraph 24 of Plaintiffs' Amended Complaint.

25.	Defendant admits that attorney Lena Trevino contacted Border Patrol Agent Gregory Kurupas and was told that repatriations back to Mexico generally left at 3:15 p.m., and that Agent Kurupas held up the trip awaiting a court order regarding custody, but that Lena Trevino made no contact with Border Patrol after 3:00 p.m. Defendant denies the remaining allegations of paragraph 25 of Plaintiffs' Amended Complaint.

26.	Defendant denies that Plaintiff R.M.G. was deported. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 26 of Plaintiffs' Complaint, therefore, same are denied.

27.	Defendant is without sufficient information to admit or deny the allegations in paragraph 27 of Plaintiffs' Complaint, therefore, same are denied.

28.	No answer is necessary for paragraph number 28 of Plaintiffs' Amended Complaint.

29.	Defendant denies the allegations of paragraph 29 of Plaintiffs' Amended Complaint.

30.	Defendant denies the allegations of paragraph 30 of Plaintiffs' Amended Complaint.

31.	Defendant denies the allegations of paragraph 31 of Plaintiffs' Amended Complaint.

32.	Defendant denies the allegations of paragraph 32 of Plaintiffs' Amended Complaint.

33. Defendant denies the allegations of paragraph 33 of Plaintiffs' Amended Complaint.

34. No answer is necessary for paragraph number 34 of Plaintiffs' Amended Complaint.

35. No answer is necessary for paragraph number 35 of Plaintiffs' Amended Complaint.

36. Defendant denies the allegations of paragraph 36 of Plaintiffs' Amended Complaint.

37. Defendant denies the allegations of paragraph 37 of Plaintiffs' Amended Complaint.

38. Defendant denies the allegations of paragraph 38 of Plaintiffs' Amended Complaint.

39. No answer is necessary for paragraph number 39 of Plaintiffs' Amended Complaint.

40. No answer is necessary for paragraph number 40 of Plaintiffs' Amended Complaint.

41. Defendant denies the allegations of paragraph 41 of Plaintiffs' Amended Complaint.

42. Defendant denies the allegations of paragraph 42 of Plaintiffs' Amended Complaint.

43. Defendant denies the allegations of paragraph 43 of Plaintiffs' Amended Complaint.

44. No answer is necessary for paragraph number 44 of Plaintiffs' Amended Complaint.

45. No answer is necessary for paragraph number 45 of Plaintiffs' Amended Complaint.

46. Defendant denies the allegations of paragraph 46 of Plaintiffs' Amended Complaint.

47. Defendant denies the allegations of paragraph 47 of Plaintiffs' Amended Complaint.

48. Defendant denies the allegations of paragraph 48 of Plaintiffs' Amended Complaint.

49. Defendant denies the allegations of paragraph 49 of Plaintiffs' Amended Complaint.

50. There is no paragraph 50 of Plaintiffs' Amended Complaint.

51. There is no paragraph 51 of Plaintiffs' Amended Complaint.

52. There is no paragraph 52 of Plaintiffs' Amended Complaint.

53. There is no paragraph 53 of Plaintiffs' Amended Complaint.

54. No answer is necessary for paragraph number 54 of Plaintiffs' Amended Complaint.

55. Defendant is without sufficient information to admit or deny the allegations in paragraph 55 of Plaintiffs' Complaint, therefore, same are denied.

56. Defendant denies the allegations of paragraph 56 of Plaintiffs' Amended Complaint.

57. Defendant denies the allegations of paragraph 57 of Plaintiffs' Amended Complaint.

58. Defendant denies the allegations of paragraph 58 of Plaintiffs' Amended Complaint.

59. Defendant denies the allegations of paragraph 59 of Plaintiffs' Amended Complaint.

60. Defendant denies the allegations of paragraph 60 of Plaintiffs' Amended Complaint

61. No answer is necessary for paragraph number 61 of Plaintiffs' Amended Complaint.

62. Defendant is without sufficient information to admit or deny the allegations in paragraph 62 of Plaintiffs' Complaint, therefore, same are denied.

63. Defendant denies the allegations of paragraph 63 of Plaintiffs' Amended Complaint.

64. Defendant denies the allegations of paragraph 64 of Plaintiffs' Amended Complaint.

65. Defendant denies the allegations of paragraph 65 of Plaintiffs' Amended Complaint.

66. Defendant denies the allegations of paragraph 66 of Plaintiffs' Amended Complaint.

67. No answer is necessary for paragraph number 67 of Plaintiffs' Amended Complaint.

68. Defendant is without sufficient information to admit or deny the allegations in paragraph 68 of Plaintiffs' Complaint, therefore, same are denied.

69. Defendant denies the allegations of paragraph 69 of Plaintiffs' Amended Complaint.

70. Defendant denies the allegations of paragraph 70 of Plaintiffs' Amended Complaint.

71. Defendant denies the allegations of paragraph 71 of Plaintiffs' Amended Complaint.

72. Defendant denies the allegations of paragraph 72 of Plaintiffs' Amended Complaint.

73. No answer is necessary for the second paragraph number 67 of Plaintiffs' Amended

Complaint.

74. Defendant is without sufficient information to admit or deny the allegations in the second paragraph 68 of Plaintiffs' Complaint, therefore, same are denied.

75. Defendant denies the allegations of the second paragraph 69 of Plaintiffs' Amended Complaint.

76. Defendant denies the allegations of the second paragraph 70 of Plaintiffs' Amended Complaint.

77. Defendant denies the allegations of the second paragraph 71 of Plaintiffs' Amended Complaint.

78. Defendant denies the allegations of the second paragraph 72 of Plaintiffs' Amended Complaint.

79. No answer is necessary for paragraph number 73 of Plaintiffs' Amended Complaint.

80. Defendant is without sufficient information to admit or deny the allegations in paragraph 74 of Plaintiffs' Complaint, therefore, same are denied.

81. Defendant denies the allegations of paragraph 75 of Plaintiffs' Amended Complaint.

82. Defendant denies the allegations of paragraph 76 of Plaintiffs' Amended Complaint.

83. Defendant denies the allegations of paragraph 77 of Plaintiffs' Amended Complaint.

84. Defendant denies the allegations in plaintiffs' prayer for relief.

85. Any allegations neither admitted nor denied are hereby denied.

Wherefore, the defendant asks the Court to deny all of the relief requested by the plaintiff and dismiss the complaints with prejudice to refile.

        Respectfully submitted,

        DONALD J. DeGABRIELLE, JR.
        United States Attorney

By:   <u>s/ John A. Smith III</u>
        JOHN A. SMITH
        Assistant United States Attorney
        State Bar No. 18627450
        Federal ID No. 8638
        800 North Shoreline, Suite 500
        Corpus Christi, Texas 78401
        Tel. (361) 888-3111
        Fax (361) 888-3200

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that a copy of the foregoing was mailed to the following attorneys on

June 2, 2006:

Susan L. Watson
316 S. Closner
Edinburg, Texas 78539

Javier Maldonado
601 Howard
San Antonio, Texas 78212

        <u>s/ John A. Smith III</u>
        JOHN A. SMITH