IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MONICA CASTRO, FOR HERSELF AND AS NEXT FRIEND OF R.M.G., | § § § | |
| Plaintiff, | § | Civil Action No. C-06-061 |
| v. | § § | |
| UNITED STATES OF AMERICA, | § § | |
| Defendant. | § § | |

## ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS

On this day came on to be considered Defendant's Partial Motion to Dismiss (D.E. 17). For the reasons stated herein, the Court GRANTS the Motion.

**I.   Jurisdiction**

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1346(b)(1).

**II.   Background**

Plaintiff Monica Castro initiated the instant "wrongful deportation" action against Defendant, the United States of America, on February 10, 2006.[1]  Subsequently, Plaintiff filed her First Amended Complaint, alleging violations of constitutional rights under the Fourth and Fifth Amendments.  Additionally, she asserts claims for negligence, intentional infliction of emotional distress, false imprisonment, abuse of process and assault under the Federal Tort Claims Act.

Defendant filed a Partial Motion to Dismiss (D.E. 17) on May 4, 2006, arguing that "[t]he United States has not waived sovereign immunity for money damages for constitutional torts," and

---

[1] Plaintiff initiated the action on behalf of herself and as Next Friend of R.M.G., her minor daughter.  See Fed. R. Civ. P. 17(c).

that "[a] Bivens action may not be maintained against a federal agency or the United States." (Def.'s Mot. at 2-3.) Plaintiff filed a response on May 15, 2006, stating that she does not oppose dismissal of her constitutional claims for monetary relief. (Pl.'s Resp. ¶ 2.)

## III.   Discussion

"[T]he United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." Hebert v. United States, 438 F.3d 483, 487 (5th Cir. 2006). In Bivens v. Six Unknown Named Agents, 403 U.S. 388, 389 (1971), the Supreme Court recognized for the first time an implied private action for monetary relief against federal officers alleged to have violated a citizen's constitutional rights. The Supreme Court has noted that "the purpose of Bivens is to deter individual federal officers from committing constitutional violations," the purpose is not to deter a federal agency or the United States. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001). Therefore, the Supreme Court has concluded that a plaintiff who alleges a constitutional deprivation may bring a claim for monetary relief under Bivens against the offending individual officer in his individual capacity, subject to the defense of qualified immunity. Id. at 72; see also Gibson v. Fed. Bureau of Prisons, 121 F. App'x 549, 551 (5th Cir. 2004). The plaintiff, however, may not bring a claim for monetary relief under Bivens against the officer in his official capacity, the officer's employer or the United States under the doctrine of sovereign immunity. Corr. Servs. Corp., 534 U.S. at 72.

Accordingly, Plaintiff Monica Castro's constitutional claims for monetary relief are barred by the doctrine of sovereign immunity, as such, they must be dismissed.[2]

---

[2] The Court notes that Plaintiff does not oppose dismissal of her constitutional claims for monetary relief. (Pl.'s Resp. ¶ 2.)

## IV.     Conclusion

For the reasons set forth above, the Court GRANTS Defendant's Partial Motion to Dismiss (D.E. 17).  Plaintiff's constitutional claims for monetary relief are DISMISSED.  Plaintiff's remaining causes of action are unaffected by this Order.

SIGNED and ENTERED on this 16th day of June, 2006.

_____
Janis Graham Jack
United States District Judge