IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MONICA CASTRO, et al § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. |
| § | | C-06-061 |
| § | | |
| THE UNITED STATES OF AMERICA § | | |
| Defendant § | | |
| § | | |

## REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

In reply to plaintiff's response to defendant's motion for summary judgment, defendant presents the following rebuttal.

1.    Plaintiff's continue to refer to the child's removal as a de facto deportation. The plaintiff's cite *Lopez v. Franklin*, 427 F. Supp. 345, 347 (E.D. Mich. 1977) for the proposition that deportation may not be imposed upon citizens born in the United States. However, the *Lopez* court is adamant in admonishing against the term "de facto deportation."

> This is not the precise issue here however.  These actions are being brought by the alien parents of citizen-children, and the allegation is that deportation of the parents must, as a practical matter, result in the de facto deportation of these citizen-children as well.  Plaintiffs contend that the de facto deportation of citizens, as well as de jure deportation, is violative of the Fourteenth Amendment. In the first instance, the Court is reluctant to accept at face value plaintiffs' characterization of these actions as instances of "de facto deportation." "Deportation" is a term of art and is not synonymous with mere departure from the country.  The term denotes an involvement by the federal government and

> means, in effect, an official expulsion. Thus, plaintiffs' use of the phrase "de facto
> deportation" tends to assume the federal government's responsibility for the effect
> of plaintiffs' formal deportation on their children, and this cannot be assumed.
> The responsibility of the federal government for indirectly causing the removal of
> plaintiffs' citizen-children is precisely the issue involved here. In short, this case
> must be decided upon its own facts, not upon some label such as "de facto
> deportation."

*Id.* at 347. Further, the court held "that regardless of whether circumstances compel a citizen-child to accompany its alien parents, who are validly being deported from this country, none of that citizen-child's constitutional rights, privileges or immunities of citizenship are destroyed or impaired by so departing the United States, and the plaintiffs' motion for preliminary injunctions are hereby DENIED." *Id.* at 350. Plaintiffs cite 18 U.S.C. §1204(a) and argue that Border Patrol's behavior is "more akin to participating in a federal crime than to exercising a discretionary function." This ignores 18 U.S.C. §1204(b)(2):

> (2) the term "parental rights," with respect to a child, means the right to physical custody of the child--
> (A) whether joint or sole (and includes visiting rights); and
> (B) whether arising by operation of law, court order, or legally binding agreement of the parties.

There was no court order or legally binding agreement of the parties as to custody, nor do the plaintiffs cite any operation of law that entitles Monica Castro to physical custody over Omar Gallardo.

2.	Plaintiffs argue that the Border Patrol has no right to determine custody and that by allowing the father to take his child with him, the defendant made a custody determination. The problem with plaintiffs' argument is that plaintiffs contend that Border Patrol should have forcibly removed the child from the father and delivered the child to the mother, thereby making a custody determination (that the mother should have custody). Monica Castro testified that despite three agencies telling her that she needed to obtain a custody order, it was her decision to utilize Border Patrol to get custody of her child. Exhibit A, deposition of Monica Castro, pages 95-96. It is not the duty nor the responsibility of Border Patrol to make custody determinations. Every agency the plaintiff contacted told her she needed to get a custody order and it was her decision not to obtain said order during the four-day period she waited across the street at her aunt's trailer.[1]  Plaintiffs argue that no provision of the Texas Family Code establishes parental rights for the parent in actual possession, but this ignores Tex. Fam. Ann. §103.001 (2):

> (2) if the parents of the child do not reside in the same county and if a managing conservator, custodian, or guardian of the person has not been appointed, the child resides in the county where the parent having actual care, control, and possession of the child resides.

Since no custody order existed, the person having actual care, control, and possession of the child does have bearing.

3.	Plaintiffs argue that Border Patrol did not have the legal authority nor the requisite evidence to adjudicate Gallardo's parentage. Border Patrol did not adjudicate parentage. Monica

---

[1] In fact, despite the several hour bus ride from Lubbock to Presidio, plaintiff did not obtain a custody order on the day of Omar Gallardo's removal, despite her testimony that she was at the courthouse with a lawyer. Exhibit A, pages 75-76.

Castro informed Border Patrol that Omar Gallardo was the father. Exhibit A, pages 34-35 & 39-40. Omar Gallardo had in his possession the hospital birth certificate identifying him as the father. Plaintiff later obtained a divorce from Omar Gallardo and alleged in those pleadings that he is the father of the child. Since there is no dispute that Omar Gallardo is the father, the manner in determining whether Omar Gallardo is the father cannot be the proximate cause of any damages.

4.      Plaintiffs argue that Border Patrol was negligent because the minor child was transported without a child safety seat. There is no allegation nor any evidence that the child suffered any injury as a proximate result of being transported without a child safety seat.

5.      Plaintiffs' reliance on *Group Hospital Services v. Daniel*, 704 S.W.2d 870, 877 (Tex. App.- Corpus C hristi 1985, no writ) for the proposition that the duty owed by Border Patrol to plaintiffs is the "duty of care" is contrary to the actual holding in the case. The court found that there was no duty owed to the plaintiff in that case as the court could "perceive no independent duty owed . . ." *Id.*  As plaintiff argues, Border Patrol had no authority to determine custody; thereby, Defendant had no duty to make a custody determination and remove the child from the father. There was no custody order and, therefore, no duty was created by the courts of Texas through a custody determination.

6.      Plaintiffs have not cited any authority to support their contention that Border Patrol had a duty to remove the child from the father and place the child with the mother.  Plaintiffs have not cited any authority that Border Patrol has the authority to forcibly remove a child from one parent absent a custody order. For each of plaintiffs' arguments, the inverse must necessarily hold true; that is, that no right nor duty is owed to the father and that the Border Patrol has the

authority to deprive the father of possession of his child.

7.      The decision to allow Omar Gallardo to continue with possession of his child is a challenged act or omission involving an element of judgment or choice, and there is no federal statute, regulation, or policy which specifically prescribes a course of action for an employee to follow, and there was no custody order determining custody.   Secondly, the complained of judgment or choice is of the kind that the discretionary function exception was designed to shield because the purpose of the exception is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and public policy through the medium of an action in tort. Because of actions like plaintiff Monica Castro's desire to utilize the Border Patrol to gain custody of her child, decisions about removal of foreign nationals and their U.S. citizen, minor children involve matters of social and political policy.

For the reasons set forth in defendant's motion to dismiss/summary judgment and the foregoing reasons, the defendant respectfully requests that the Court dismiss the tort claims against the defendant for want of jurisdiction, dismiss the request for injunctive relief or, in the alternative, grant summary judgment for defendant as to all cause of action alleged by the plaintiffs.

> Respectfully submitted,
>
> DONALD J. DeGABRIELLE, JR.
> United States Attorney
>
> BY: s/ John A. Smith III
> John A. Smith III
> Assistant United States Attorney
> State Bar No. 18627450
> Federal ID No. 8638
> One Shoreline Plaza
> 800 North Shoreline Blvd.

Suite 500
Corpus Christi, Texas 78401
Tel:(361) 888-3111
Fax:(361) 888-3234

Attorney in Charge for Defendant

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served to counsel at the following address by first class mail on the <u>29th</u> day of January, 2007:

Susan L. Watson
316 S. Closner
Edinburg, Texas 78539

        S/ John A. Smith III
        John A. Smith III
        Assistant United States Attorney