```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                  CORPUS CHRISTI DIVISION
```

MONICA CASTRO, et al.,           §
                                 §
              Plaintiffs,        §
v.                               §     Civil Action
                                 §     No. C-06-61
THE UNITED STATES OF AMERICA,    §
                                 §
              Defendant.         §

## ORDER

On this day came on to be considered the Court's <u>sua sponte</u> review of its subject-matter jurisdiction in the above-styled action.[1] For the reasons set forth below, the Court finds that Plaintiffs Monica Castro, individually and as next friend of R.M.G., a minor child (together, "Plaintiffs") lack standing to bring their remaining claim in this case, and accordingly, this Court lacks subject-matter jurisdiction over the above-styled action.

---

[1] Because standing is an issue of subject-matter jurisdiction, the Court may raise the issue <u>sua sponte</u>. See <u>Cobb v. Central States</u>, 461 F.3d 632, 635 (5th Cir. 2006) ("Because the issue of standing is one of subject matter jurisdiction, we raised it <u>sua sponte</u>"); <u>Bridgmon v. Array Systems Corp.</u>, 325 F.3d 572, 575 (5th Cir. 2003) (courts have a duty to raise question of subject matter jurisdiction <u>sua sponte</u>); <u>see also</u> <u>United States v. Hays</u>, 515 U.S. 737, 742 (1995) (internal citations omitted) ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines.").

I.   **Factual Background**

The facts of this case are set forth in detail in the Court's February 9, 2007 Order (D.E. 39) granting the United States' motion to dismiss Plaintiffs' tort claims for lack of subject-matter jurisdiction, and dismissing certain of Plaintiffs' other claims for injunctive relief as moot.  The Court directs the parties to Order No. 39 for a detailed recitation of the factual background of this action.

In brief summary, Plaintiff Monica Castro, a United States citizen, and Omar Gallardo, a Mexican national, had a child together, R.M.G.  R.M.G. was born in Lubbock, Texas, and is a United States citizen.  After an argument between Ms. Castro and Mr. Gallardo, Ms. Castro left the trailer home she shared with R.M.G. and Mr. Gallardo and went to stay with relatives for a few days.  R.M.G. remained with Mr. Gallardo.  Ms. Castro then went to the Border Patrol in Lubbock, Texas to report Mr. Gallardo as an illegal alien.  When Border Patrol followed up on Ms. Castro's report and took Mr. Gallardo to the Border Patrol station, R.M.G. was with her father and also went to the station.  Mr. Gallardo did not wish to give up possession of R.M.G. to Ms. Castro, and at that time neither one of them had a custody order for R.M.G.  R.M.G. accompanied her father when he was repatriated back to Mexico.  R.M.G. was later returned to Ms. Castro's custody in the United States.

## II. Procedural Background

Plaintiffs filed this case on February 10, 2006 (D.E. 1), and Plaintiffs filed the current operative Complaint, their First Amended Complaint, on May 19, 2006 (D.E. 22).[2] In their First Amended Complaint, Plaintiffs brought claims for injunctive relief for violation of the Fourth and Fifth Amendments to the United States Constitution[3], tort claims for negligence, intentional infliction of emotional distress, false imprisonment, abuse of process and assault (under the Federal Tort Claims Act), and a claim for injunctive and declaratory relief pursuant to 8 U.S.C. § 1101, et seq.[4] On February 9, 2007, in response to a motion to dismiss filed by the United States, the Court entered an Order dismissing Plaintiffs' tort claims for negligence, intentional

---

[2]In Plaintiffs' Original Complaint, Plaintiffs sought monetary damages and injunctive relief pursuant to the Fourth, Fifth and Tenth Amendments to the United States Constitution, and Plaintiffs also brought claims against the United States for negligence, intentional infliction of emotional distress, and false imprisonment (pursuant to the Federal Tort Claims Act). Pursuant to a motion to dismiss filed by the United States (D.E. 17), this Court dismissed Plaintiffs' constitutional claims for monetary relief, as such claims are "barred by the doctrine of sovereign immunity." (D.E. 26, p. 2).

[3]The injunctive relief Plaintiffs sought was "in the form of assistance from Defendant United States in locating and returning R.M.G. to the physical custody of Plaintiff Castro." (Amended Complaint, ¶¶ 33, 39, 43).

[4]The injunctive relief Plaintiffs sought in this claim was also "in the form of assistance from Defendant United States in locating and returning R.M.G. to the physical custody of Plaintiff Castro." (Amended Complaint, ¶ 49).

infliction of emotional distress, false imprisonment, abuse of process and assault for lack of subject-matter jurisdiction. (D.E. 39).  The Court's February 9, 2007 Order also dismissed as moot Plaintiff's claims for injunctive relief for violations of the Fourth and Fifth Amendments to the United States Constitution, and Plaintiffs' claim for injunctive relief pursuant to 8 U.S.C. § 1101, et seq.[5]  Accordingly, Plaintiffs' only remaining claim in this case is a portion of their Fourth Cause of Action, seeking "declaratory relief, in the form of determination of the validity of any statute, regulation, policy or other procedure relied on to detain and deport Plaintiff R.M.G." (Amended Complaint, ¶ 39).  As set forth below, Plaintiffs do not have standing to bring this claim, and the Court accordingly dismisses the claim for lack of subject-matter jurisdiction.

### III. **Plaintiffs' Lack of Standing**

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy."  City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983).  In order to have Article III standing to

---

[5]The Court dismissed these claims for injunctive relief as moot because "Ms. Castro's daughter R.M.G. was returned to her physical custody on December 1, 2006. ... Accordingly, Plaintiffs' claims seeking injunctive relief in the form of assistance in locating and returning R.M.G. to Ms. Castro are now MOOT."  (D.E. 39, p. 26).

bring a claim, "Plaintiffs must demonstrate a 'personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues'". Id. (citing Baker v. Carr, 369 U.S. 186, 204 (1962); see also Gratz v. Bollinger, 539 U.S. 244, 289 (2003) ("To have standing, it is elementary that the petitioners' own interests must be implicated. Because neither petitioner has a personal stake in this suit for prospective relief, neither has standing.").

Moreover, "[i]n order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." Bauer v. Texas, 341 F.3d 352, 358 (5th Cir. 2003). "Past exposure to illegal conduct does not in itself show a present case or controversy". O'Shea v. Littleton, 414 U.S. 488, 495 (1974)).

Finally, in order to have standing to bring a claim, "there must be *redressability* -- a likelihood that the requested relief will redress the alleged injury." Creekmore v. Attorney General of Texas, 116 F.Supp.2d 767, 775 (E.D. Tex. 2000) (emphasis in original); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 ("it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision"); Matte v. Sunshine Mobile Homes, Inc., 270 F.Supp.2d 805, 822 (W.D. La. 2003)

("Because the named plaintiffs in this suit have alleged no concrete injury ... they cannot establish that the requested relief would provide a remedy. ... plaintiffs in the instant case cannot meet the redressability requirement of standing.").[6]

In this case, the Court has already dismissed all of Plaintiffs' tort claims for lack of subject-matter jurisdiction, and Plaintiffs' injunctive claims are moot because they sought return of R.M.G. to Ms. Castro's custody, which already occurred on December 1, 2006.  There is no declaratory action this Court could take that would affect the actual parties to the suit, Ms. Castro and R.M.G.[7]  Although declaratory relief by this Court may impact another child in the future, this does not satisfy the standing requirement for Ms. Castro and R.M.G. to bring this claim. Further, while Ms. Castro and R.M.G. make allegations regarding

---

[6] Redressability is one of three requirements that must be established by a party invoking federal jurisdiction.  These three requirements include "an injury in fact -- a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical", "causation -- a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant", and "redressability", described above. Creekmore, 116 F.Supp.2d at 775 (citing Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 102-03 (1998)); see also Lujan, 504 U.S. at 560.  "This triad of injury in fact, causation and redressability comprises the core of Article III's case-or-controversy requirement". Creekmore, 116 F.Supp.2d at 775.

[7] Because Plaintiffs cannot recover monetary damages from their tort claims, and R.M.G. has been returned to Ms. Castro's custody in the United States, declaratory relief by this Court will not actually impact Ms. Castro and R.M.G. at the present time, given the current circumstances of this case.

past conduct of certain Border Patrol Agents, Plaintiffs do not show any likelihood of continuing injury -- there is no indication of future risk of R.M.G. again accompanying her father on a repatriation transport to Mexico.[8]  Accordingly, with regard to their remaining claim for declaratory relief, there is no longer any actual "case or controversy" between Plaintiffs and Defendant, a ruling by this Court would not redress any injury alleged by Plaintiffs, Plaintiffs allege only past wrongs with no likelihood of continuing injury, and Ms. Castro and R.M.G. no longer have the required "personal stake in the outcome" that is necessary for Article III standing.  <u>Lyons</u>, 461 U.S. at 101 (internal citations omitted).[9]  Based on the above, Plaintiffs lack Article III standing to bring their claim for declaratory relief.

---

[8] The Court notes that although Plaintiffs may have had standing at one point to bring their claim for declaratory relief, they no longer have such standing in light of the fact that R.M.G. has been returned to Ms. Castro's custody in the United States, and the Court ordered that it does not have subject-matter jurisdiction over Plaintiffs' tort claims for monetary relief.  "Standing, since it goes to the very power of the court to act, must exist at ***all stages of the proceeding***, and not merely when the action is initiated or during an initial appeal."  <u>Sommers Drug Stores Co. Employment Profit Sharing Trust v. Corrigan</u>, 883 F.2d 345, 348 (5th Cir. 1989) (internal citations omitted) (emphasis added).

[9] The Court notes that on March 30, 2007, Defendant filed a motion for leave to file a motion to dismiss Plaintiffs' remaining claim in this action (D.E. 40, 41).  Since the Court has <u>sua sponte</u> dismissed Plaintiffs' remaining claim for lack of subject-matter jurisdiction, Defendant's motion for leave to file is therefore MOOT.

## IV. Conclusion

For the reasons set forth above, the Court hereby DISMISSES Plaintiffs' remaining claim in the above-styled action, the portion of Plaintiffs' Fourth Cause of Action seeking declaratory relief, for lack of subject-matter jurisdiction.  Since there are no remaining claims pending in this action, this case is hereby DISMISSED in its entirety.

SIGNED and ENTERED on this 4th day of April, 2007.

_____
Janis Graham Jack
United States District Judge